IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,394-01






EX PARTE CHARLIE JULIUS GONZALES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2002-274-C2A IN THE 54TH JUDICIAL DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of aggravated assault
and sentenced to twenty years' imprisonment. The Tenth Court of Appeals originally remanded to the trial
court to address Applicant's claim that the trial court improperly failed to hold a hearing on his motion for
a new trial. Gonzales v. State, No. 10-03-00312-CR (Tex. App. - Waco, February 23, 2005). The trial
court held a hearing on the motion for a new trial, and denied it. In the second appeal, the court of appeals
affirmed one of the convictions, and vacated the other. Gonzales v. State, No. 10-05-00222-CR (Tex.
App. - Waco, April 5, 2006, pet. ref'd). 

 In this writ, Applicant contends, inter alia, that his trial counsel rendered ineffective assistance for
failing to preserve error. Specifically, Applicant alleges that counsel failed to make a timely objection when
the trial court submitted a single general verdict form to the jury, allowing for a non-unanimous verdict. This
issue was raised in Applicant's motion for a new trial, but the habeas record does not contain a transcript
of the hearing or anything else to show the basis for the trial court's decision to deny the motion.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel made any objection on the
record to the submission of a single general verdict form. If not, the trial court shall make findings as to why
counsel did not object. The trial court shall make findings as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. If a
transcript of the hearing on the motion for a new trial exists, the trial court shall supplement the habeas
record with a copy of such transcript. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: November 21, 2007

Do not publish